PAUL L. REIN, ESQ. (SBN 43053)
CELIA MCGUINNESS, ESQ. (SBN 159420)
CATHERINE CABALO, ESQ. (SBN 248198)
LAW OFFICES OF PAUL L. REIN
200 Lakeside Drive, Suite A
Oakland, CA 94612
Telephone:   510/832-5001
Facsimile:   510/832-4787
reinlawoffice@aol.com

STEVEN L. DERBY, ESQ. (SBN 148372)
THE DERBY LAW FIRM P.C.
1255 Treat Blvd. Suite 300
Walnut Creek, CA 94597
Telephone:   925/472-6640
Facsimile:   925/933-3964
derby@derbydisabilitylaw.com

Attorneys for Plaintiffs
MAX WADMAN and KELLY TOPPING

*Defendants' counsel listed after the caption.*

IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAX WADMAN and KELLY TOPPING,<br><br>Plaintiffs,<br><br>v.<br><br>DISCOVERY BAY YACHT HARBOR, LLC; NEW DISCOVERY, INC.; DISCOVERY BAY MARINA PROPERTIES, a California General Partnership; KEN HOFMANN; WALTER L. YOUNG; RONALD DAWSON; WALTER L. YOUNG and MARY C. YOUNG, TRUSTEES OF THE YOUNG REVOCABLE TRUST DATED FEBRUARY 11, 1999; AND DOES 1-100, inclusive,<br><br>Defendants. | CASE NO. C14-5035 WHA<br><br><u>Civil Rights</u><br><br>CONSENT DECREE AND [<s>PROPOSED</s>] ORDER AS TO INJUNCTIVE RELIEF ONLY |

//

//

COX WOOTTON LERNER GRIFFIN & HANSEN LLP
RUPERT P. HANSEN (SBN 082302)
CHRISTOPHER S. KIELIGER (SBN 209121)
JULIETTE B. McCULLOUGH (SBN 278929)
900 Front Street, Suite 350
San Francisco, CA 94111
Telephone: 415.438.4600
Facsimile:  415.438.4601

Attorneys for Defendants
DISCOVERY BAY YACHT HARBOR, LLC ,
KEN HOFMANN, individually, RONALD DAWSON,
Individually, and MARY C. YOUNG,
Trustee of The Young Revocable Trust

## CONSENT DECREE AND [PROPOSED] ORDER

1. Plaintiffs MAX WADMAN and KELLY TOPPING filed a Complaint in this action on November 14, 2014, alleging violations of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. sections 12101 *et seq.*, California civil rights laws and common law tort claims against Defendants DISCOVERY BAY YACHT HARBOR, LLC ("DBYH LLC"); NEW DISCOVERY, INC.; DISCOVERY BAY MARINA PROPERTIES, a California General Partnership; KEN HOFMANN; WALTER L. YOUNG; RONALD DAWSON; WALTER L. YOUNG and MARY C. YOUNG, TRUSTEES OF THE YOUNG REVOCABLE TRUST DATED FEBRUARY 11, 1999 (collectively, "Defendants") relating to, *inter alia*, barriers to access at Discovery Bay Yacht Harbor as of March 22, 2014, and continuing.  Specifically, Plaintiffs alleged that Defendants failed to provide full and equal access to their facilities at Discovery Bay Yacht Harbor, Discovery Bay, California.

2. Defendants DBYH LLC; KEN HOFMANN; RONALD DAWSON; MARY C. YOUNG, as TRUSTEE OF THE YOUNG REVOCABLE TRUST DATED FEBRUARY 11, 1999 (collectively "Answering Defendants") were served and answered the Complaint.  Answering Defendants do not admit liability to any of the allegations in Plaintiffs' Complaint filed in this action.

3. Pursuant to Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure all parties who

- 2 -
CONSENT DECREE & [PROPOSED] ORDER
AS TO INJUNCTIVE RELIEF ONLY
Case No. C14- 5035 WHA

have appeared in this lawsuit have stipulated to a Dismissal Without Prejudice of the following Defendants: NEW DISCOVERY, INC.; DISCOVERY BAY MARINA PROPERTIES, a California General Partnership; RONALD DAWSON; WALTER L. YOUNG; WALTER L. YOUNG and MARY C. YOUNG, TRUSTEES OF THE YOUNG REVOCABLE TRUST DATED FEBRUARY 11, 1999, with each party to bear their own costs.

4. Plaintiffs and defendants DBYH LLC and KEN HOFMANN (collectively, "the Signing Defendants"; collectively with Plaintiffs "the Signing Parties") hereby enter into this Consent Decree and Order for the purpose of resolving the injunctive relief issues in this lawsuit without the need for protracted litigation and without the admission of any liability. The Signing Parties jointly stipulate and request the Court not dismiss the action because issues of standing, liability, damages and attorney fees, litigation costs and expenses remain to be resolved.

**JURISDICTION:**

5. The Signing Parties to this Consent Decree agree that the Court has jurisdiction of this matter pursuant to 28 U.S.C. section 1331 for alleged violations of the Americans with Disabilities Act of 1990, 42 U.S.C. sections 12101 *et seq.,* and pursuant to supplemental jurisdiction for alleged violations of California law.

6. In order to avoid the costs, expense, and uncertainty of protracted litigation, the Signing Pparties to this Consent Decree agree to entry of this Order to resolve all claims regarding injunctive relief raised in the Complaint filed with this Court. Accordingly, they agree to the entry of this Order without trial or further adjudication of any issues of fact or law concerning Plaintiffs' claims for injunctive relief.

WHEREFORE, the parties to this Consent Decree hereby agree and stipulate to the Court's entry of this Consent Decree and Order, which provides as follows:

**SETTLEMENT OF INJUNCTIVE RELIEF:**

7. This Order shall be a full, complete, and final disposition and settlement of Plaintiffs'

- 3 -
CONSENT DECREE & [PROPOSED] ORDER
AS TO INJUNCTIVE RELIEF ONLY
Case No. C14- 5035 WHA

claims against Signing Defendants DBYH LLC and KEN HOFMANN for injunctive relief that have arisen out of the subject Complaint. The Signing Parties agree that there has been no admission or finding of liability and this Consent Decree and Order shall not be construed as such.

8. **Remedial Measures:** Defendant DBYH LLC will remediate each barrier to access as described in the Remediation Chart attached and incorporated herewith as Exhibit A. As used in this Consent Decree and [proposed] Order, "remediate" and "accessible" mean to construct and maintain in full compliance with the Americans with Disabilities Act Standards and/or California Building Code Title 23-2 (2013), whichever is more stringent for a given element.

9. **Timing:** Defendant DBYH LLC will complete each item by the date stated in the Remediation Chart.

10. **Written Policy**: Within 30 days of the Signing Parties signing this Consent Decree, DBYH LLC will implement written policies as follows:

   1. DBYH LLC will check opening force and closing speed of doors at the Harbor Office, public restrooms and accessible gates at least every six months and adjust as necessary to maintain their accessibility.
   2. Accessible Slips shall be leased as follows:
      a. If a person or persons with a disability ("PWD") requests an uncovered berth but an accessible one is not available, a covered berth will be leased at the uncovered berth price.
      b. Similarly, an accessible long berth will be leased to a PWD at the short berth price, if an accessible short berth is not available.
      c. The accessible berths shall be reserved for PWD unless and until all other berths are leased, at which time they may be leased to any potential tenant;
      d. If all non-accessible berths are leased and an accessible berth is therefore leased to a person without a disability, a clause should be inserted in the accessible berth's lease agreements that should an equally long inaccessible slip subsequently become

available, the lessee shall be moved to that inaccessible berth, freeing the accessible berth for a potential PWD.

3. Upon request, DBYH will provide an accessible key/means of operating gate locks to a PWD.

4. The fuel dock and pump-out dock, and the adjacent guest slips will be closed to public access to/from the shore.

5. DBYH LLC will (a) check opening force and closing speed of doors at the Harbor Office, public restroom and pier <u>accessible</u> gates at least every six months and adjusting as necessary to maintain their accessibility; (b) maintain all accessible paths of travel free of barriers.

6. DBYH LLC will train all relevant employees on these new policies within 30 days of the Signing Parties signing this Consent Decree, will incorporate the policies into its employee handbook and will train relevant new employees on these policies as they are hired.

11. **Compliance**:

a. Defendant DBYH LLC will retain and pay Gilda Puente-Peters or another certified access specialist of its choice to conduct one site inspection by January 31, 2016, to report upon and confirm completion of the remedies specified in paragraph 8 above. DBYH LLC will provide a copy of each report to Plaintiffs' counsel within 15 days of receipt. In addition, DBYH LLC will retain and pay Gilda Puente-Peters or another certified access specialist of its choice to return by January 31, 2017, to confirm continued compliance with accessibility laws and to advise on any potential barriers to access that have arisen. DBYH LLC will make all readily achievable modifications recommended by said access specialist, in addition to changes necessary to bring DBYH LLC into compliance with this Consent Decree. DBYH LLC will provide a copy of this report to Plaintiffs' counsel within 15 days of receipt.

b. In case of dispute between Plaintiffs and Signing Defendants over whether DBYH LLC has complied with the terms of this Consent Decree and [proposed] Order, or in case

Plaintiffs dispute the findings of the access specialist, the Signing Parties will meet and confer for not less than 30 days prior to bringing any motion to compel compliance. If the dispute remains, Plaintiffs may bring a motion to compel compliance.

**ENTIRE CONSENT ORDER:**

12. This Consent Decree and Order, Attachment A to this Consent Decree, and Exhibits A-1, A-2 and A-3 to Attachment A, which are incorporated herein by reference as if fully set forth in this document, constitute the entire consent agreement between the Signing Parties on all issues in this case.

**CONSENT ORDER BINDING ON SIGNING PARTIES AND SUCCESSORS IN INTEREST:**

13. This Consent Decree and Order shall be binding on the Signing Parties and all successors in interest. The Signing Parties have a duty to so notify all such successors in interest of the existence and terms of this Consent Decree and Order during the period of the Court's jurisdiction of this Consent Decree and Order.

**TERM OF THE CONSENT DECREE AND ORDER:**

14. This Consent Decree and Order shall be in full force and effect, and the Court shall retain jurisdiction of this action to enforce provisions of this Order ~~through December 31, 2017, or whenever remediation is complete, whichever comes later.~~ for 90 days following the entry of judgment or dismissal of the entire case.

**SEVERABILITY:**

15. If any term of this Consent Decree and Order is determined by any court to be unenforceable, the other terms of this Consent Decree and Order shall nonetheless remain in full force and effect.

**SIGNATORIES BIND SIGNING PARTIES:**

16. Signatories on the behalf of the parties represent that they are authorized to bind the parties to this Consent Decree and Order. This Consent Decree and Order may be signed in counterparts and a facsimile signature shall have the same force and effect as an original signature.

Dated: __11 AUG__, 2015  PLAINTIFF MAX WADMAN

_____
MAX WADMAN

Dated: _____, 2015  PLAINTIFF KELLY TOPPING

_____
KELLY TOPPING

Dated: _____, 2015  DEFENDANT DISCOVERY BAY YACHT HARBOR, LLC

By: _____
JOHN E. AMARAL, Authorized Representative for Discovery Bay Yacht Harbor, LLC

Dated: _____, 2015  DEFENDANT KEN HOFMANN

_____
KEN HOFMANN

**APPROVED AS TO FORM:**

Dated: _____, 2015  CELIA McGUINNESS, ESQ.
LAW OFFICES OF PAUL L. REIN
STEVE DERBY, ESQ.
DERBY DISABILITY LAW

By: _____
Attorneys for Plaintiffs

- 7 -

CONSENT DECREE & [PROPOSED] ORDER
AS TO INJUNCTIVE RELIEF ONLY
Case No. C14-5035 WHA

Fax
925-933-3964

16. Signatories on the behalf of the Signing Parties represent that they are authorized to bind the parties to this Consent Decree and Order. This Consent Decree and Order may be signed in counterparts and a facsimile signature shall have the same force and effect as an original signature.

Dated: _____, 2015    PLAINTIFF MAX WADMAN

_____
MAX WADMAN

Dated: Sept 8, 2015    PLAINTIFF KELLY TOPPING

*/s/ Kelly Topping*
KELLY TOPPING

Dated: _____, 2015    DEFENDANT DISCOVERY BAY YACHT HARBOR, LLC

By: _____
JOHN E. AMARAL, Authorized Representative for Discovery Bay Yacht Harbor, LLC

Dated: _____, 2015    DEFENDANT KEN HOFMANN

_____
KEN HOFMANN

**APPROVED AS TO FORM:**

Dated: _____, 2015    CELIA McGUINNESS, ESQ.
LAW OFFICES OF PAUL L. REIN
STEVE DERBY, ESQ.
DERBY DISABILITY LAW

By: _____
Attorneys for Plaintiffs
MAX WADMAN and KELLY TOPPING

- 7 -

CONSENT DECREE & [PROPOSED] ORDER
AS TO INJUNCTIVE RELIEF ONLY
Case No. C14-5035 WHA

16. Signatories on the behalf of the Signing Parties represent that they are authorized to bind the parties to this Consent Decree and Order. This Consent Decree and Order may be signed in counterparts and a facsimile signature shall have the same force and effect as an original signature.

Dated: _____, 2015   PLAINTIFF MAX WADMAN

_____
MAX WADMAN

Dated: _____, 2015   PLAINTIFF KELLY TOPPING

_____
KELLY TOPPING

Dated: August 21, 2015   DEFENDANT DISCOVERY BAY YACHT HARBOR, LLC

By: _____
JOHN E. AMARAL, Authorized Representative for Discovery Bay Yacht Harbor, LLC

Dated: 8/21, 2015   DEFENDANT KEN HOFMANN

_____
KEN HOFMANN

**APPROVED AS TO FORM:**

Dated: _____, 2015   CELIA McGUINNESS, ESQ.
LAW OFFICES OF PAUL L. REIN
STEVE DERBY, ESQ.
DERBY DISABILITY LAW

By: _____
Attorneys for Plaintiffs
MAX WADMAN and KELLY TOPPING

- 7 -

CONSENT DECREE & [PROPOSED] ORDER
AS TO INJUNCTIVE RELIEF ONLY
Case No. C14- 5035 WHA

1  16.   Signatories on the behalf of the Signing Parties represent that they are authorized to bind
2  the parties to this Consent Decree and Order.  This Consent Decree and Order may be signed in
3  counterparts and a facsimile signature shall have the same force and effect as an original
4  signature.

6  Dated: _____, 2015      PLAINTIFF MAX WADMAN

8                               _____
                                MAX WADMAN

9  Dated: _____, 2015      PLAINTIFF KELLY TOPPING

11                              _____
                                KELLY TOPPING

13 Dated: _____, 2015      DEFENDANT DISCOVERY BAY YACHT HARBOR,
                                LLC

15                              By: _____
                                JOHN E. AMARAL, Authorized Representative for
16                              Discovery Bay Yacht Harbor, LLC

18 Dated: _____, 2015      DEFENDANT KEN HOFMANN

19                              _____
                                KEN HOFMANN

22 **APPROVED AS TO FORM:**

23 Dated: 9/9, 2015             CELIA McGUINNESS, ESQ.
                                LAW OFFICES OF PAUL L. REIN
24                              STEVE DERBY, ESQ.
                                DERBY DISABILITY LAW
25
                                By: _____
26                              Attorneys for Plaintiffs
                                MAX WADMAN and KELLY TOPPING

- 7 -
CONSENT DECREE & [PROPOSED] ORDER
AS TO INJUNCTIVE RELIEF ONLY
Case No. C14- 5035 WHA

Dated: August 27, 2015

RUPERT P. HANSEN, ESQ.
COX WOOTTON LERNER GRIFFIN & HANSEN LLP

By: _____
Attorneys for Defendants KEN HOFMANN, individually,
and DISCOVERY BAY YACHT HARBOR, LLC

## ORDER

Pursuant to stipulation, and for good cause shown, IT IS SO ORDERED.

Dated: 9/16, 2015

_____
Honorable WILLIAM H. ALSUP
United States District Judge

- 8 -
CONSENT DECREE & [PROPOSED] ORDER
AS TO INJUNCTIVE RELIEF ONLY
Case No. C14- 5035 WHA