IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAX WADMAN AND KELLY TOPPING,<br><br>    Plaintiffs,<br><br>  v.<br><br>DISCOVERY BAY YACHT HARBOR, LLC ET AL,<br><br>    Defendants.<br>                                      / | No. C 14-05035 WHA<br><br>**ORDER FOLLOWING DISCOVERY HEARING** |

      As stated at today's discovery hearing, plaintiff Max Wadman shall sit for an independent psychiatric evaluation, not to exceed five hours. The evaluation shall take place on either **DECEMBER 15 OR DECEMBER 17**, at plaintiff's choosing, and he must notify defendants on which date the exam will take place by **NOON ON DECEMBER 10.** If plaintiff does not sit for the psychiatric evaluation, then he will not be allowed to make any mention of post-traumatic stress disorder at trial. The disclosure of expert reports regarding the psychiatric evaluations of plaintiffs Wadman and Topping shall be due **TWENTY-EIGHT DAYS** after their respective examinations.

      By **DECEMBER 11 AT NOON**, plaintiff's counsel shall file a five-page memorandum summarizing their best proof that plaintiff Wadman actually served in the military in Iraq, attaching the five documents which are most probative of that assertion. By **DECEMBER 15 AT NOON**, defense counsel may file a response, not to exceed five pages, in opposition to plaintiff's

memorandum. If defense counsel claim they were never served with the documents plaintiff attaches, then plaintiff may respond by **DECEMBER 16 AT NOON**, laying out with specificity how and when the documents were produced to the other side.

By **DECEMBER 9**, the parties shall submit a proposed joint request to the Department of Defense for the Court to sign regarding production of outstanding document requests.

**IT IS SO ORDERED.**

Dated: December 8, 2015.



WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2