IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAX WADMAN AND KELLY TOPPING,<br><br>    Plaintiffs,<br><br>  v.<br><br>DISCOVERY BAY YACHT HARBOR, LLC ET AL,<br><br>    Defendants.<br>                                      / | No. C 14-05035 WHA<br><br>**ORDER RE MOTION FOR LEAVE TO FILE AMENDED COMPLAINT** |

## INTRODUCTION

In this action alleging violations of the Americans with Disabilities Act, plaintiffs move for leave to amend their complaint. For the reasons stated below, plaintiffs' motion is **DENIED**.

## STATEMENT

This case revolves around an incident that took place on defendant Discovery Bay Yacht Harbor's premises in 2014. Plaintiffs Max Wadman and Kelly Topping allege that due to dangerous conditions at Discovery Bay, in violation of the ADA, Wadman lost control of his wheelchair and rolled backward into the water. His mother, Kelly Topping, jumped into the water in an attempt to save him. Both suffered "medical damages as well as the horror of the event and relive the memories to this day" (Compl. ¶1).

Pursuant to our General Order 56, the case was stayed and the parties engaged in mediation. That failed. After a subsequent case management conference, the scheduling order set a date of July 31, 2015, as the last day to seek leave to amend the pleadings. (No one

objected on the ground that a stay was otherwise in place.)  On September 11, 2015, the parties filed a stipulated consent decree resolving all claims for injunctive relief.  Shortly thereafter, an order lifted the stay and discovery commenced (Dkt. No. 48).

On November 24, plaintiffs moved to amend their complaint in four material ways:  (1) to allege two new theories of liability; (2) to add allegations regarding architectural barriers on defendants' premises; (3) to remove certain factual allegations determined to be false; and (4) to remove defendants that have been dismissed.

This order follows full briefing and oral argument.

## ANALYSIS

Under Rule 16(b), a plaintiff moving to amend a pleading after the date established by a pretrial scheduling order must show good cause for the delay.  "[L]ate amendments to assert new theories are not reviewed favorably when the facts and the theory have been known to the party seeking amendment since the inception of the cause of action."  *Acri v. Int'l Ass'n of Machinists and Aerospace Workers*, 781 F.2d 1393, 1398 (9th Cir. 1986).  "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking amendment."  *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

Even if September 24 (the day the stay was lifted) is viewed as the last day to move for leave to amend, this motion filed on November 24 is far too late in view of the rest of the schedule (discovery cutoff of December 18 and trial on April 11).

Here, plaintiffs have failed to demonstrate good cause for the delay in seeking to amend their complaint.  *First*, plaintiffs seek to add two new theories of liability, namely claims for failure to provide reasonable accommodation and for retaliatory eviction.  Plaintiffs stress that these two new claims are based on the same facts alleged in the operative complaint and thus no new discovery will be needed.  This concession, however, does not work.  If no new facts are alleged in the proposed amended complaint to support these new claims, then there is no reason they could not have been alleged earlier.  Plaintiffs have failed to provide any justification for the delay in alleging these two claims, which will multiply the burden on the parties, the Court, and the jury for summary judgment and trial.  Moreover, plaintiffs assert that defendants would

not be prejudiced by the amendment. Not so. Although no new facts are alleged, defendants would be unable to uncover facts or retain experts to rebut plaintiffs' new legal theories now that discovery has closed.

*Second*, plaintiffs seek to add allegations regarding architectural barriers on defendants' premises. Plaintiffs argue that they are required to include each architectural barrier in their complaint under our court of appeals' decision in *Oliver v. Ralphs Grocery Store Co.*, 654 F.3d 903 (9th Cir. 2011). *Oliver* held that in an ADA case the complaint must specify each alleged illegal barrier in order to put a defendant on notice to rebut the existence of those barriers at trial. Here, however, the parties resolved all claims for injunctive relief in a consent decree, in which defendants stipulated to the exact barriers that plaintiffs now seek to add to their complaint (Dkt. No. 46). At oral argument, defense counsel conceded that the consent decree put them adequately on notice of the architectural barriers and had no objection to plaintiffs seeking damages at trial based on these barriers. Thus, there is no need for plaintiffs' amendment in this regard because defendants concede they are adequately on notice of the specific barriers from their inclusion in the consent decree.

*Third*, plaintiffs seek to remove factual allegations from the complaint that they have now learned are false. Specifically, plaintiffs seek to remove the following from the operative complaint (Compl. ¶5) :

> Plaintiff MAX WADMAN needed a wheelchair for ambulation due to multiple mobility impairments from injuries he suffered as a combat veteran during three (3) tours of duty as a United States Army Ranger in Iraq and Afghanistan. MAX WADMAN served his country with honor as an Army Ranger and suffered multiple combat injuries, the most severe of which occurred when an IED (improvised explosive device) detonated under a Humvee in which he was riding. MAX WADMAN was chained into the Humvee for safety and the explosion launched him into the air where the chain caught him nearly cutting him in to two. MAX WADMAN suffered severe physical injuries including damage to multiple internal organs, shrapnel and severe spinal damage.

The source of this false information remains uncertain. Possibly plaintiff himself read the complaint before it was filed. If he did not, it seems certain that his co-plaintiff did (or provided the information). That such a falsehood could insinuate itself into the pleading disturbs the Court. The only sworn statement from counsel regarding the reason for the initial false

3

allegations is as follows:  "Having had the benefit of discovery over the last two months, Plaintiffs have determined to narrow their claims factually" (McGuinness Decl. at 2).

In the interest of maintaining an accurate pleading, and based on counsel's assertions, the allegations specified above from paragraph ¶5 of the operative complaint shall be **STRICKEN FROM THE COMPLAINT**.  This is without prejudice to the possibility that defendants will be allowed to show the jury the false allegations originally pled and not withdrawn until a year after plaintiffs filed their original complaint.

If plaintiffs' counsel intend to take the stand and to explain this "mistake" at trial, then counsel must submit a sworn statement laying out their explanation by **JANUARY 25, 2016.**  By **FEBRUARY 8, 2016**, defense counsel may depose plaintiffs' counsel on the subject of their sworn statement.  Any motion to block such a deposition must also be filed by **JANUARY 25.**

*Fourth*, plaintiffs seek to remove from the complaint defendants that have been dismissed from the case, including New Discovery, Inc., Discovery Bay Marina Properties, Walter Young, Ronald Dawson, Mary Young, and Trustees of the Young Revocable Trust.  As an initial matter, plaintiffs proposed amended complaint, which they submitted with the instant motion, did not even remove these defendants from the caption.  Only when defense counsel pointed this inconsistency out did plaintiffs submit a revised complaint with an amended caption.  More importantly, as the parties have already filed a stipulated dismissal of these defendants, there is no need to go back and revise the complaint to incorporate the dismissal.

## CONCLUSION

For the reasons stated above, plaintiffs' motion for leave to file an amended complaint is **DENIED**, except that the paragraph cited above is now deemed stricken from the pleading (without prejudice to its potential evidentiary use at trial).

**IT IS SO ORDERED.**

Dated: January 11, 2016.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

4